**Michael L. Williams (Or. 78426)**
mwilliams@wdolaw.com
**Linda C. Love (Or. 81299)**
llove@wdolaw.com
**Williams Love O'Leary Craine & Powers, P.C.**
9755 SW Barnes Road, Suite 450
Portland, Oregon 97225-6681
(503)295-2924
(503)295-3720 (Facsimile)

**Benjamin H. Anderson, (Oh. 0067466)**
ben@andersonlawoffices.net
**Anderson Law Office, LLC**
1360 W. Ninth St., Ste 200
Cleveland, OH 44113
(216) 574-7000
(216) 522-9007 (Facsimile)

**Attorneys for Plaintiff**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO

### EASTERN DIVISION

| | |
|---|---|
| RAMONIA LONGS, individually and as Executor of the Estate of Mary Buchanan, deceased; PHYLLIS J. HESTER; GLENORA ANDERSON; and OLIVER WIMBUSH,<br><br>              Plaintiff,<br>v.<br><br>WYETH, formerly known as AMERICAN HOME PRODUCTS CORPORATION; WYETH PHARMACEUTICALS, INC., WYETH-AYERST LABORATORIES CO.; WYETH PHARMACEUTICALS (Division of Wyeth),<br>              Defendants. | C.A. No. 1: 03 CV 2042<br><br>JUDGE: Solomon Oliver<br><br>Personal Injury Action (28 U.S.C. §1332)<br>DEMAND FOR JURY TRIAL<br><br>Related to MDL No. 1203<br>(C.A. No. 2:04 - 20223)<br>(In Re: Diet Drugs)<br><br>"PPH" Case<br><br>**AMENDED COMPLAINT** |

Plaintiffs allege:

### NATURE OF THE CASE

1. Plaintiffs' decedent, Mary Buchanan, developed Primary Pulmonary

54497_1.DOC

Hypertension ("PPH"), suffered personal injuries, and died as a result of her ingestion of prescription diet drug, dexfenfluramine, sold in the USA under the brand name "Redux." This lawsuit asserts claims for negligence, product liability, and wrongful death against the Defendants who were responsible for the design, manufacture, testing, study, labeling, marketing, promotion, and/or distribution of that diet pill product.

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 (diversity of citizenship). The matter in controversy in this civil action exceeds the sum or value of $75,000, exclusive of costs and interests, and is between citizens of different states.

3. Venue in this District is proper under 28 U.S.C. **§**1391. The events giving rise to this cause of action occurred in substantial part in this District, where Decedent Mary Buchanan lived, ingested Redux, became ill and died. Also, Plaintiffs Ramonia Longs, Phyllis Hester, and Oliver Wimbush all reside in this District.

## THE PARTIES

### Plaintiffs

4. At all relevant times, Plaintiff Ramonia Longs, Executor of the Estate of Mary Buchanan, deceased, and a surviving sibling of Decedent Mary Buchanan, has been a resident and citizen of Ohio. At all relevant times, Plaintiffs Phyllis Hester and Oliver Wimbush, surviving siblings of Decedent Mary Buchanan, have been residents and citizens of Ohio, and Glenora Anderson, surviving sibling of Decedent Mary Buchanan, has been a resident of Kentucky.

### Defendants

5. Defendants are: (a) Wyeth, formerly known as American Home Products

54497_1.DOC

Corporation ("AHP"); (b) Wyeth Pharmaceuticals, Inc.; (c) Wyeth-Ayerst Laboratories Co. ("Wyeth-Ayerst"); and (d) Wyeth Pharmaceuticals (Division of Wyeth).

      a.  Defendant Wyeth, formerly known as American Home Products Corporation ("AHP"), has its principal place of business in Madison, New Jersey and is incorporated in Delaware. Wyeth is exactly the same company as defendant AHP, is liable for all wrongdoing of AHP and is simply AHP under a new name. Hereinafter, plaintiff will refer to AHP as Wyeth. Wyeth, at all relevant times, was in the business of promoting, marketing and distributing the pharmaceutical diet pills, fenfluramine and dexfenfluramine, sold as Pondimin and Redux.

      b.  Defendant Wyeth Pharmaceuticals, Inc. is a New York corporation and is a wholly owned subsidiary of Wyeth. Wyeth Pharmaceuticals, Inc.'s principal place of business is in Montgomery County, Pennsylvania, at 500 Arcola Road, Collegeville, Pennsylvania, 19426-3930. At all relevant times, Wyeth Pharmaceuticals, Inc. was involved in the business of licensing, marketing, manufacturing, and/or distributing the diet pills taken by Plaintiff Judith Mingus, worked in partnership with Wyeth, and is a subsidiary of Wyeth whose liability has been assumed by Wyeth.

      c.  Defendant Wyeth-Ayerst Laboratories Company ("Wyeth-Ayerst") is a Delaware corporation and is a wholly owned subsidiary of Wyeth. Wyeth-Ayerst's principal place of business is in Montgomery County, Pennsylvania, at 500 Arcola Road, Collegeville, Pennsylvania, 19426-3930. At all relevant times, Wyeth-Ayerst was involved in the business of licensing, marketing, manufacturing, and/or distributing the diet pills taken by Plaintiff Judith Mingus, worked in partnership with Wyeth, and is a subsidiary of Wyeth whose liability has been assumed by Wyeth.

      d.  Wyeth Pharmaceuticals (Division of Wyeth) is a division of Wyeth, with its principal place of business in Montgomery County, Pennsylvania, at 500 Arcola Road, Collegeville, Pennsylvania, 19426-3930.  At all times relevant hereto, Wyeth Pharmaceuticals was involved in the business of licensing, marketing, manufacturing, and/or distributing the diet pills taken by Plaintiff Judith Mingus, worked in partnership with Wyeth, and is a division of

Wyeth whose liability has been assumed by Wyeth.

## FACTUAL ALLEGATIONS

<u>Decedent's Injuries and Plaintiffs' Damages</u>

6. Decedent Mary Buchanan took the diet pill Redux for several months in 1996 and 1997.

7. Decedent Mary Buchanan was diagnosed in November 2001 with PPH, a terminal and terrible illness. This condition was caused by Decedent Mary Buchanan's ingestion of the diet pill Redux. On December 18, 2003, Decedent Mary Buchanan died as a result of PPH.

8. Plaintiff timely filed this lawsuit in October 2003. Decedent Mary Buchanan was a member of the class that has been certified under the caption of: *Brown, et al v. American Home Products Corporation,* C.A. No. 99-20593 (E.D. Pa.). The aforesaid *Brown* case was settled pursuant to the Nationwide Class Action Settlement With American Home Products Corporation, which achieved final court approval in January, 2002. This PPH claim constitutes a non-released and non-settled claim under the terms of the *Brown* case class action settlement, which the class action recognizes may be brought as an independent lawsuit. Under the terms of the class action settlement agreement, for purposes of statutes of limitation, Plaintiff does not have PPH unless and until their condition meets the definition of PPH set forth in that settlement agreement. In that Decedent Mary Buchanan's condition first met the PPH definition utilized in the class action settlement agreement in November 2001, this claim is timely against all parties.

<u>Defendants' Misconduct</u>

9. Defendants manufactured, distributed, marketed, sold, promoted and/or licensed the weight loss drug, dexfenfluramine, which was sold as Redux. This is the drug that Decedent

Mary Buchanan ingested. Defendants also manufactured, distributed, marketed, sold, promoted and/or licensed another weight loss drug, fenfluramine, which was sold as Pondimin. The active half of fenfluramine is chemically and pharmacologically identical to dexfenfluramine. Fenfluramine was prescribed or ingested in combination with phentermine (sold under dozens of different brand names), and was popularly known as "fen/phen."

10. Dexfenfluramine, whether in the form of Pondimin or Redux, caused so many adverse health effects that it was and is unreasonably dangerous, no matter what warnings are given about the diseases it causes. At the time of its manufacture, the foreseeable risks associated with using dexfenfluramine exceeded the benefits associated with its use. Defendants had an obligation to know, analyze, and report relevant scientific and medical information relating to fenfluramine and dexfenfluramine use. However, defendants failed to properly monitor for reports of adverse effects associated with such use. Further, defendants failed to perform adequate research and testing of the drug. Defendants concealed, misrepresented and/or failed to adequately warn physicians and the public of the risks associated with such use.

11. Defendants widely promoted dexfenfluramine as safe, until September 15, 1997. On or about that date, Defendants withdrew Pondimin and Redux from the market at the urging of the FDA, due to extremely high rates of serious adverse events. Defendants knew or should have known sooner that dexfenfluramine was a dangerously defective product, they should never have marketed Redux, and they should have removed Pondimin from the market sooner.

12. Defendants knew that long-term use of dexfenfluramine (in Pondimin and Redux), and/or the combination use of the product with phentermine, though not approved by the FDA, would increase their sales and resulting profits. Defendants actively encouraged, and/or affirmatively failed to take effective steps to discourage, dispensation of Pondimin, Redux, and

phentermine in unapproved manners, including off-label combination use of the drugs and/or long-term use of the individual drugs. Defendants intentionally misrepresented and/or concealed the risks of both Pondimin and Redux for the purpose of maximizing profits at the expense of the health of Decedent Mary Buchanan and the public at large.

13.     Defendants' misconduct in marketing these two dexfenfluramine drugs, Pondimin and Redux, entitles plaintiffs to punitive damages under R.C. § 2307.80(C).  The harm suffered by Decedent Mary Buchanan was the result of Defendants' misconduct, which manifested a flagrant disregard of the safety of persons who might be harmed by the product. Defendants acted sometimes knowingly and sometimes recklessly in disregard of the health and safety of not just this decedent but of millions of other people. Furthermore, the defendants fraudulently and in violation of applicable United States Food and Drug Administration ("FDA") regulations withheld from the FDA information known to be material and relevant to the harm caused by dexfenfluramine or misrepresented to the FDA information of that type.

**CLAIMS FOR RELIEF**
**FIRST CLAIM FOR RELIEF**
**(PRODUCT LIABILITY)**

14.     Plaintiffs reallege all previous paragraphs.

15.     Defendants manufactured, distributed, marketed, sold, promoted and/or licensed dexfenfluramine, sold as Redux, which Decedent Mary Buchanan ingested. This drug reached Decedent Mary Buchanan without substantial change in the condition in which defendants first sold it.  The Redux remained under the exclusive control of the defendants until the time of distribution.  Decedent Mary Buchanan used the Redux as the defendants intended it to be used.

16.     Dexfenfluramine (sold by Defendants as "Pondimin" and as "Redux") caused so many adverse health effects in people who used it that it is defective and unreasonably

dangerous, no matter what warnings are given about the diseases it is known to cause. Dexfenfluramine is so dangerous that it is not reasonable to prescribe it for any group of patients, making it defective and unreasonably dangerous. Its use has been affirmatively banned by the FDA and it has been removed from all markets around the globe. At the time of manufacture, the foreseeable risks associated with the use of dexfenfluramine far exceeded any benefits associated with its use.

17. Decedent Mary Buchanan's use of Redux was a substantial factor and proximate cause of her injury, death, and damages as follows. Decedent Mary Buchanan died as a result of PPH, a serious illness which left her with debilitating shortness of breath until she died. She also had anxiety, emotional distress, pain and suffering, all from her awareness that PPH is a terrible, terminal and progressive disease with few or no truly effective treatments. Decedent Mary Buchanan's awareness of the substantial risks of her condition was a source of anguish to her, and her death has been a source of anguish for her surviving family members. As a result of suffering from PPH, Decedent Mary Buchanan had a significantly shortened life, medical and other expenses, and other economic and non-economic damages. As a result of her illness and death, her surviving siblings have suffered mental anguish and the loss of the companionship, care, assistance, attention, advice and society of Ms. Buchanan. Furthermore, Decedent Mary Buchanan's surviving siblings have suffered pecuniary loss and her estate has incurred burial, funeral, medical and other expenses. The extent of plaintiffs' damages is under investigation, but they have incurred medical and other expenses, have suffered other economic damages in a reasonable amount not to exceed $5,000,000. Additionally, plaintiffs have suffered non-economic damages in a reasonable amount not to exceed $20,000,000.

## SECOND CLAIM FOR RELIEF
## (NEGLIGENCE)

18. Plaintiffs reallege all previous paragraphs.

19. Defendants have a special relationship with prescribing physicians, the FDA, and the public with the duty to manufacture, promote, and sell only safe drugs, and the duty to investigate and disclose material facts about risks associated with their drugs. Defendants breached their duty by failing to take Pondimin off the market by 1995 and by putting Redux on the market in 1996, when Defendants knew the active ingredient in these drugs, namely, dexfenfluramine, was unreasonably dangerous. Defendants further breached their duty by failing to adequately warn of the adverse effects of the drugs, failing to update the drugs' labels, failing to adequately monitor the effects of the drugs, failing to make timely and adequate warning to the medical profession, failing to timely and accurately report to the FDA all adverse drug experience information obtained, and concealing and misrepresenting the results of studies to physicians and to the public.

20. Each of the Defendants' breaches of duty constituted a foreseeable and substantial factor contributing to the damages alleged above.

## THIRD CLAIM FOR RELIEF
## (WRONGFUL DEATH)

21. Plaintiffs reallege all previous paragraphs.

22. Decedent Mary Buchanan's use of Redux was a substantial factor and proximate cause of her death. Accordingly, plaintiffs assert a claim for wrongful death against defendants under Ohio Revised Code Section 2125.01 et seq.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff seeks judgment in her favor against the Defendants, jointly and severally, as follows:

      a. Economic and non-economic damages in an amount in excess of $75,000 as provided by law and to be supported by the evidence at trial;

Punitive damages as provided by law and to be supported by the evidence at trial;

An award of attorneys' fees and costs of suit, as provided by law; and

Such other legal and equitable relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff requests trial by jury.

    /s/ Michael L. Williams (mlwilliams)
**Michael L. Williams
Linda C. Love
Williams Love O'Leary Craine & Powers
Benjamin H. Anderson
Anderson Law Office, LLC**

**Attorneys for Plaintiff**

54497_1.DOC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2007, I served the foregoing AMENDED COMPLAINT, pursuant to Fed. Rule Civ. Pro. 15(a)(1) and 25(a) was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system, email and first class mail to all parties indicated on the electronic filing receipt.  All other parties will be served by first class mail.  Parties may access this filing through the Court's system.

| | |
|---|---|
| David Rodman Cooper, Esq.<br>COOPER & WALINSKI, LPA<br>900 Adams Street<br>Toledo, OH 43624 | Michael T. Scott, Esq.<br>REED SMITH, LLP<br>2500 One Liberty Place<br>1650 Market St.<br>Philadelphia, PA 19103 |

WILLIAMS LOVE O'LEARY CRAINE & POWERS, P.C.

/s/Michael L. Williams (mlwilliams)
**Michael L. Williams (Or. 78426)**
mwilliams@wdolaw.com

**Linda C. Love (Or. 81299)**
llove@wdolaw.com
9755 SW Barnes Road, Suite 450
Portland, Oregon 97225-6681
(503)295-2924
(503)295-3720 (Facsimile)

**Benjamin H. Anderson, (Oh. 0067466)**
ben@andersonlawoffices.net
**Anderson Law Office, LLC**
1360 W. Ninth  St., Ste 200
Cleveland, OH  44113
(216) 574-7000
(216) 522-9007 (Facsimile)

**Attorneys for Plaintiff**

54497_1.DOC